IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY J. VIGIL,

    Plaintiff,

vs.                                    Civil No. 06-1182 WJ/WDS

CHOICE VISA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss or for a More Definite Statement (Doc. 2). Defendant filed the motion on December 12, 2006. No response was filed to the motion, and Defendant filed a notice of completion on January 29, 2007. Having reviewed the motion and being otherwise fully advised on the law, I conclude the motion is well taken and will be granted.

**BACKGROUND**

Plaintiff filed his Complaint *pro se* in the Second Judicial District Court, State of New Mexico, County of Bernalillo on October 10, 2006. Defendant removed the case to this Court on December 4, 2006. Defendant then filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

The gist of Plaintiff's Complaint is a dispute with his credit card company over a debt in the amount of $19,569.61. The Complaint makes reference to various acronyms in a manner that hints they are various federal laws. For instance, Plaintiff refers to "FCBA, TILA, GAAP, GAAS

and the FDCPA." But Plaintiff does not spell out the full names of any statute and does not give corresponding citations to the United States Code.

I deal with a large variety of federal statutes on a host of topics, both civil and criminal, and I simply have not been able to memorize all of the acronyms for all of the federal statutes. Fortunately, I am aware that the TILA is the Truth in Lending Act and the FDCPA is the Fair Debt Collection Practices Act. Defendant has assisted by noting that FCBA is the Fair Credit Billing Act. However, Defendant is as mystified as the Court by Plaintiff's references to "GAAP" and "GAAS." Through some rather interesting research, I discovered a reference to "GAAP" in federal statutes regarding accounting practices and learned that GAAP is not a federal statute but an acronym for "generally accepted accounting principles." <u>See</u> 12 U.S.C. § 1831n(a)(2)(A). I then discovered a reference to "GAAS" in the Copyright Office Rules, 37 CFR § 201.28. It is an acronym for generally accepted auditing standards. Accordingly, there are no statutory provisions with the acronyms "GAAS" or "GAAP," and Plaintiffs Complaint does not state claims under any such provisions.

The Complaint also makes reference to N.M. Stat. Ann. 1978 § 55-3-308 in a request for verification of the debt, but that statutory section deals only with the methods and burdens of proving the validity of a signature in an action with respect to a negotiable instrument. To the extent this statutory provision is even relevant in this action, it does not, itself, create or establish a separate cause of action. Thus, it is clear that Plaintiff is not bringing a claim against Defendant under that provision.

Plaintiffs' Complaint alleges very few facts. The Complaint states that Plaintiff is disputing the alleged debt of $19,569.61. The Complaint also states that Defendant violated "the

FCBA, TILA, GAAP, GAAS, and the FDCPA" but does not allege any facts in support of these alleged violations.  Beyond these two allegations, the Complaint contains nothing but demands the Defendant provide various forms of documentation, information and verification.

Plaintiffs Complaint fails to state a claim even given the liberal interpretation applied to pro se pleadings.  Riddle v. Mondragon, 83 F.3d 1197 (10th Cir. 1996) (a broad reading of a complaint does not relieve a pro se plaintiff of the burden of alleging sufficient facts upon which a recognized legal claim could be based).  It contains no relevant factual allegations beyond alleging that Plaintiff is not indebted to Defendant.  The remaining allegations state legal conclusions and are not supported by even *de minimus* general factual allegations.

Given Plaintiff's pro se status, the Court would normally permit Plaintiff an opportunity to amend his Complaint to state a cognizable claim.  However, Plaintiff did not choose to respond to Defendant's motion and has shown no interest in arguing the validity of his cause against Defendant.  Accordingly, I will grant Defendant's motion and will dismiss Plaintiff's Complaint in its entirety for failure to state a claim.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 2) is hereby GRANTED and Plaintiff's Complaint and cause of action are hereby DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).

UNITED STATES DISTRICT JUDGE